FILED

2013 Jul-31  AM 11:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **LESTER CARPENTER REED,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | **Case No.  5:11-cv-02184-AKK-JEO** |
| | ) | |
| **CORRECTIONAL MEDICAL** | ) | |
| **SERVICES, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

The magistrate judge filed a report and recommendation on July 3, 2013, recommending that the defendants' motion for summary judgment as to the plaintiff's Eighth Amendment medical care claims be granted and those claims be dismissed with prejudice.  *See* doc. 36.  The magistrate judge also recommends that Plaintiff's request for injunctive relief be denied as moot and that the court decline to exercise supplemental jurisdiction over Plaintiff's state law medical malpractice and negligence claims.  *Id.* The plaintiff has filed objections thereto.  Doc. 37.

In his objections, the plaintiff argues that the defendant doctors' conduct violates the Eighth Amendment because they delayed Plaintiff's access to adequate

medical treatment and because their repeated acts of negligence "disclose a pattern of conduct" that amounts to deliberate indifference.  Doc. 37 at 4-6 (quoting *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980), *cert. denied*, 450 U.S. 1041 (1981)). Specifically, Plaintiff contends that Dr. Joyner's conduct cannot be described as "mere incidents of negligence or malpractice" that "do not rise to the level of a constitutional violation" because he failed to evaluate the plaintiff's condition for four months, failed to timely refill pain medications, and failed to inquire into essential facts that were necessary to effect adequate treatment. *Id*. at 2-3.  Moreover, Plaintiff contends that, even if these acts are "mere negligence or malpractice," their repeated occurrence demonstrates a "consistent pattern of reckless or negligent conduct" that amounts to deliberate indifference. *Id*. at 5 (quoting *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991)).  With respect to Drs. Crocker and Hood, Plaintiff asserts that his "contention is not over the effect of the treatment recommended . . ., but rather the delayed access to medical personnel with the necessary specialized expertise to make a professional judgment and not a belief in treatment priorities."  Doc. 37 at 6.[1]

---

[1] The court notes that Plaintiff failed to raise any objections to the magistrate judge's recommendation that the claims against defendants Correctional Medical Services, Ruth Naglich, Warden Billy Mitchem, and Debbie Hunt also be dismissed.

Having fully reviewed Plaintiff's objections, the court finds that summary judgment is still due to be granted for the defendants. As Plaintiff suggests, "[r]epeated examples of delayed or denied medical care may indicate a deliberate indifference by prison authorities to the suffering that results." *Harris*, 941 F.2d at 1505 (citation omitted). However, as noted by the magistrate judge, Dr. Joyner's choice to take conservative treatment measures and failure to immediately refill pain medication do not amount to "repeated examples" sufficient to establish deliberate indifference. It appears that Dr. Joyner allowed Plaintiff's prescription to lapse on two occasions, but each time the medicine was provided as soon as Plaintiff made a sick call request. Additionally, Plaintiff's contentions that Dr. Joyner failed to evaluate or make appropriate inquiries regarding Plaintiff's pain are without merit. The record shows that Dr. Joyner reviewed Plaintiff's medical records, saw him numerous times, ordered multiple x-rays and an MRI, and took appropriate treatment measures based on his diagnostic findings. In other words, Dr. Joyner's treatment choices cannot be said to be "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness" or to have been "so cursory as to amount to no treatment at all." *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir.1995) (internal citations omitted).

Plaintiff's contention regarding delayed access to medical treatment by Drs. Crocker and Hood also fails. Although Plaintiff's medical condition ultimately necessitated surgical intervention, the fact that Drs. Crocker and Hood did not immediately refer Plaintiff to a specialist does not alone establish that they were deliberately indifferent to Plaintiff's serious medical needs. While a delay in providing medical treatment can indeed constitute deliberate indifference, *see Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976), this is only when such delays are "tantamount to 'unnecessary and wanton infliction of pain,'" *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir.) (*per curiam*) (quoting *Estelle*, 429 U.S. at 104), *cert. denied,* 496 U.S. 928 (1990). The Eleventh Circuit has held that deliberate indifference can include "the delay of treatment for obviously serious conditions where it is apparent that delay would detrimentally exacerbate the medical problem, the delay does seriously exacerbate the medical problem, and the delay is medically unjustified." *Taylor v. Adams*, 221 F.3d 1254, 1259-60 (11th Cir. 2000) (internal quotation omitted); *see also Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1235 (11th Cir. 2010). Unfortunately for Plaintiff, he cannot establish these elements where, as here, the doctors attempted to effectively manage Plaintiff's pain with medication and therapy and sought the opinion of a specialist after continued treatment efforts failed. Moreover, there is no evidence that the failure to immediately seek a consultation

from a specialist posed a risk of exacerbating Plaintiff's injuries, or that the delay in fact exacerbated his injuries.

Thus, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and his recommendation is **ACCEPTED**.   The Court **EXPRESSLY FINDS** that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law.   Based on the foregoing, and since the plaintiff has already undergone spinal surgery, Plaintiff's request for injunctive relief is **DENIED** as **MOOT** and the defendants' motion for summary judgment is **GRANTED**.   Accordingly, the plaintiff's Eighth Amendment claims are **DISMISSED WITH PREJUDICE** and since the court **DECLINES** to exercise supplemental jurisdiction, the plaintiff's remaining state law medical malpractice and negligence claims are **DISMISSED WITHOUT PREJUDICE**.   A Final Judgment will be entered.

**DONE** this 31st day of July, 2013.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE